UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHARON JASTRZAB,**<br><br>                              Plaintiff,<br><br>   -vs-<br><br>**PENTAGROUP FINANCIAL, LLC,**<br><br>                              Defendant. | *Civil Action No.* _____ |

### **COMPLAINT & DEMAND FOR JURY TRIAL**

#### **INTRODUCTION**

1. Plaintiff Sharon Jastrzab brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### **JURISDICTION & VENUE**

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### **PARTIES**

4. Plaintiff Sharon Jastrzab is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Pentagroup Financial, LLC (hereinafter "Pentagroup Financial") is a foreign limited liability company organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

8. That Plaintiff Jastrzab allegedly incurred and later allegedly defaulted on a debt to Sears. Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant Pentagroup Financial was employed by Sears following Plaintiff's alleged default, in order to collect payment on the subject debt.

11. That shortly thereafter, Defendant began calling the home of Plaintiff Sharon Jastrzab repeatedly and continuously.

12. That while Plaintiff shared some telephone calls that were non-threatening with female representatives for Defendant, she shared others with male representatives for Defendant during which Pentagroup Financial engaged in abusive, deceptive and unfair conduct by:

    a. Threatening that Plaintiff Jastrzab's failure to pay by certain dates would result in Defendant "taking [her] to Court,"

    b. Placing a false sense of immediacy on the situation,

    c. Yelling at Plaintiff Jastrzab and demanding that she borrow money from relatives to pay Defendant and avoid litigation, and

    d. On one occasion Defendant even ended a telephone call with Plaintiff Jastrzab by stating "we'll see you in Court."

13. That despite Defendant's aforementioned representations, they lacked the intent and/or authority to file a lawsuit against Plaintiff Jastrzab.

14. That during the course of Defendant's repeated calls, Pentagroup Financial repeatedly failed to provide Plaintiff Jastrzab with meaningful disclosure of Defendant's identity.

15. That Defendant Pentagroup Financial also failed to provide Plaintiff Jastrzab with written notice of the subject debt and her rights as a "consumer" as required by 15 U.S.C. §1692g(a).

16. That as a result of Defendant's conduct, Plaintiff Sharon Jastrzab became very frightened, upset, worried, nervous, offended and otherwise suffered from emotional distress.

**CAUSE OF ACTION**

17. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

18. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by:
    a. Threatening that Plaintiff Jastrzab's failure to pay by certain dates would result in Defendant "taking [her] to Court,"
    b. Placing a false sense of immediacy on the situation,
    c. Yelling at Plaintiff Jastrzab and demanding that she borrow money from relatives to pay Defendant and avoid litigation, and
    d. Ending one telephone call with Plaintiff Jastrzab by stating "we'll see you in Court."
19. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.
20. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by repeatedly failing to provide Plaintiff Jastrzab with meaningful disclosure of their identity during telephone calls placed to her telephone.
21. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f, by:
    a. Falsely threatening that Plaintiff Jastrzab's failure to pay by certain dates would result in Defendant "taking [her] to Court,"
    b. Placing a false sense of immediacy on the situation,
    c. Deceptively informing Plaintiff that she needed to borrow money from relatives to pay Defendant in order to avoid litigation, and
    d. Ending one telephone call with Plaintiff Jastrzab by stating "we'll see you in Court."
22. That Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose in the initial communication with Plaintiff that the debt collector was attempting to collect a debt and any information obtained would be used for that purpose and by failing to disclose in subsequent communications that the Defendant's telephone calls were from a debt collector.
23. That Defendant violated 15 U.S.C.§1692g(a) by failing to provide Plaintiff Jastrzab with a written notice of the subject debt and her rights as a "consumer" within five (5) days of the parties' initial communication.
24. Because of the Defendant's various aforementioned violations of the FDCPA, and Defendant's repeated false threats of legal action in particular, Plaintiff Sharon Jastrzab became very frightened, upset, worried, nervous, offended and otherwise suffered from emotional distress.

3

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jastrzab respectfully requests that this honorable Court enter judgment against the Defendant for:

    (a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

    (b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    (c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

    (d) For any and all additional relief as this honorable Court may deem just and proper.

**JURY DEMAND**

Please take notice that Plaintiff demands a trial by jury in this action.

Date: April 15, 2012

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham & Borgese, LLP
*Attorneys for the Plaintiff*
482 Delaware Ave.
Buffalo, New York 14202
frank@gbdebthelp.com
716.200.1520